IN THE UNITED STATES COURT OF APPEALS FOR THE
EIGHTH CIRCUIT

in re DAVID STEBBINS            PETITIOER

CASE NO. 14-2686

### PETITION FOR WRIT OF MANDAMUS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Petition for Writ of Mandamus, ordering Magistrate Judge James R. Marchewski to issue a *complete* Report & Recommendation in Case No. 12-3022, rather than the incomplete one he issued on Thursday, July 11, 2014.

### Relief Sought

1. Petitioner seeks an order directing the Magistrate Judge to issue a Report & Recommendation on *all* claims in the current pending action, not just those he *wants* to issue a Report & Recommendation on.

2. Specifically, he seeks a writ of mandamus, demanding that the Magistrate Judge issue a Report & Recommendation on the following three claims:

    (a) His Motion for Partial Summary Judgment (issued in-person to the Magistrate Judge on April 23, 2014) asking for $370 in compensatory damages because the Defendants cited Petitioner for disorderly conduct without probable cause.

    (b) His claim that Petitioner was only arrested in the first place so that prosecuting attorney Wes Bradford could have a chance to persecute Petitioner in order to coerce him into dismissing lawsuits.

    (c) His claim that the Boone County Jail repeatedly punished Petitioner for conduct they plainly knew to be caused by his Asperger Syndrom.

**FAX RECEIVED**

JUL 1 4 2014

U.S. COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

## Issues Presented

3. Does the Magistrate Judge have an obligation to issue a Report & Recommendation on ALL cases that are properly presented to him, or does he have discretion in which cases to entertain?

## Facts

4. On April 22-23, 2014, the Magistrate Judge held a two-day-long evidence hearing in Case No. 12-3022, in which Plaintiff was seeking relief on three different causes of action:

(a) Petitioner was arrested on November 24, 2011, not because he was believed guilty of some crime, but simply to give prosecuting attorney Wes Bradford an opportunity to persecute Petitioner and coerce him into ending his lawsuit practices.

(b) The Boone County Jail allowed jailer Jason Jones to harass, bully, and threaten Petitioner, and instruct other inmates to do the same.

(c) The Boone County Jail repeatedly punished Petitioner for conduct they plainly knew to be caused by his Asperger Syndrome.

5. During this hearing, Bob King – Captain of the Criminal Investigations Division for Boone Couny – testified that he investigated Petitioner's affirmative defense of provocation when deciding whether to cite Petitioner for disorderly conduct in connection with a mop bucket incident. However, he freely admitted that he only considered *some* of the evidence, and by his own admission, did not view the camera footage which would have instantly exonerated Petitioner (see Doc. 162 of Case No. 12-3022, Page 12, at the bottom of the page).

6. In light of Bob King's testimony, Petitioner made a request for partial summary judgment in his favor in the closing arguments of the evidence hearing, asking for summary judgment in the amount of $370 in compensator damages, since Bob King's own testimony was in violation

of the precedent of *Kuehl v. Burtis*, 173 F. 3d 646, 650-651 (8th Cir. 1999) (requiring law enforcement officers to consider the *totality* of the circumstances, and forbidding them from disregarding "plainly exculpatory evidence," including camera footage).

7.     Once this Petition receives a case number, Petitioner will upload a copy of the audio clip for the evidence hearing to the ECF.

8.     Once Plaintiff uploads the audio clip, the Court can verify that Plaintiff did indeed make the motion that he claims in ¶ 6 of this Petition to have made. See Day 2 of the audio clips, 2:24:37 – 2:25:44:

> "Furthermore, King - Bob King - by his own admission declined to look at the camera footage to determine if my allegations of Jones - uh - threatening me and shoving me against the wall were true. By his own admission, he chose to trust the word of witnesses over the incontrovertable video footage, and according to the precedent of Kuehl versus Burtis, that is not allowed. Police officers can make credibility determinations, but they cannot disregard evidence - such incontrovertible evidence - and they gave video footage as a specific example of such incontrovertible evidence.
>
> Bob King had no business citing me for disorderly conduct, and I - and along with arguing for a jury trial, I ask for- I wish for you issue a report and recommendation that I be awarded summary judgment of the $370 for the bail bond, since that was clearly done without probable cause by Bob King's own admission."

9.     On July 13, 2014, Petitioner received, in the mail, the Magistrate Judge's Report & Recommendation. This Report & Recommendation, however, only touched upon ONE of the issues that was properly before the Court. That specific issue was whether the Boone County Detention Center allowed Jason Jones to harass, bully, and threaten Petitioner without consequences.

10.    The Magistrate Judge completely ignored, and refused to pass a report & recommendation at all, one the following claims:

    (a)     Petitioner's claim that the arrest was performed simply to allow Wes Bradford the

chance to persecute Petitioner for his litigation practices.

(b) Petitioner was repeatedly punished for his Asperger Syndrome.

(c) Petitioner was entitled to summary judgment in the amount of $370 because a Boone County policymaking official (namely, Bob King) cited Petitioner for disorderly conduct despite being offered plainly exculpatory evidence which he declined to review.

11. Instead, the Magistrate Judge... rather spontaneously... just made up two brand new causes of action that never were part of this case to begin with. He just *made them up!* These made-up causes of action are:

(a) That the Defendants failed to move Petitioner around the jail for protection against other inmates.

(b) That the Defendants failed to provide reasonable accommodations for Petitioner's Asperger Syndrome (as opposed to simply not punishing Petitioner for it).

## Reasons for Issuing the Writ

12. The Magistrate Judge clearly has no intentions of ruling on the claims spoken of in ¶¶ 2 and 9 of this Petition, given that he has already issued his Report & Recommendation.

13. A District Court does not have discretion which issues to entertain. Regarding some motions, the District Court has discretion regarding specifically which ruling to enter, but it does not have discretion to just not consider the issue at all, not if it is properly presented to the Court.

14. Now, with the *Supreme* Court, yes, they have discretion which cases they want to hear (See Supreme Court Rule 10), but for *District* courts, a citizen has the fundamental right to have their disputes resolved by an impartial court. See *Lewis v. Casey*, 518 US 343, 405-406 (1996); *Wolff v. McDonnell*, 418 U. S. 539, 580 (1974); *California Motor Transport Co. v. Trucking Unlimited*, 404 U. S. 508, 510 (1972); *Johnson v. Avery*, 393 U. S. 483, 485; *Ex parte Hull*, 312

U. S. 546, 549"); *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U. S. 731, 741 (1983) (holding that court access is a fundamental right).

15.     This fundamental right carries with it the obvious consequence that a District Court must actually *rule on* the claims that are properly presented to it. See Canon 3(a)(2) of the Code of Conduct of United States Judges: "A judge should hear ***and decide*** matters assigned, unless disqualified."

16.     As a result, this Court should issue a writ of mandamus, ordering Magistrate Judge Marchewski to finish the job, ordering him to pass judgment on ALL matters properly before him, not JUST the issues he WANTS to pass judgment on.

17.     Now, if the Magistrate Judge believes that the evidence and law are so plainly in Petitioner's disfavor that no jury could possibly side with Petitioner, he can include that in his Report & Recommendation. However, that requires that there actually BE a Report & Recommendation for him to include it in.

### Conclusion

18.     Wherefore, premises considered, Plaintiff respectfully requests that this Petition for Writ of Mandamus be granted. So requested on this, the 14th day of July, 2014.

*David Stebbins* (signature)
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com